The document below is hereby signed.

Signed: September 26, 2018



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DORITA DIXON, | ) | Case No. 18-00221 |
| | ) | (Chapter) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DORITA DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10019 |
| WELLS FARGO BANK N.A. AS | ) | |
| TRUSTEE F/B/O HOLDERS OF | ) | **Not for Publication in** |
| STRUCTURED ASSET MORTAGAGE | ) | **West's Bankruptcy Reporter.** |
| INVESTMENTS II TRUST | ) | |
| 2007-AR4, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DISMISSING AMENDED COMPLAINT WITH
<u>LEAVE TO FILE SECOND AMENDED COMPLAINT AS TO CAUSE OF ACTION I</u>

The above-named defendant (referred to here as simply "Wells
Fargo") has filed a motion to dismiss this adversary proceeding.
The plaintiff, Dorita Dixon, failed to timely respond to the
motion to dismiss.  Later, on the date of the scheduling
conference in this adversary proceeding, Dixon filed an amended
complaint.  However, that amended complaint failed to correct

defects in the original complaint, and adds claims that similarly fail to state claims upon which relief can be granted.

I

REQUEST TO BAR FORECLOSURE BASED
ON FAILURE TO COMPLY WITH D.C. CODE § 28:9-210

Dixon's amended complaint (as did the original complaint) begins with an opening paragraph seeking an order dismissing Wells Fargo's complaint for judicial foreclosure in the Superior Court of the District of Columbia and an injunction to prevent an impending foreclosure sale based on the defendant's failure to timely respond to requests for an accounting that Dixon sent to Wells Fargo under D.C. Code § 28:9-210, part of the District of Columbia's Uniform Commercial Code.[1]  As discussed in section II, below, the amended complaint does not allege facts establishing that D.C. Code § 28:9-210 applied to Wells Fargo.

Even if D.C. Code § 28:9-210 applied to Wells Fargo, and Wells Fargo was thus required under D.C. Code § 28:9-210(b) to respond to Dixon's requests, the relief Dixon seeks (dismissal of Wells Fargo's Superior Court complaint for judicial foreclosure and an injunction to prevent an impending foreclosure sale) is not a remedy authorized for a violation of D.C. Code § 28:9-210.

---

[1]  It is unclear whether the amended complaint alleges that one request or two requests were sent to Wells Fargo.  It is not material to the analysis of whether a claim upon which relief can be granted has been stated, and I will assume for purposes of analysis that two requests were sent.

2

*See* D.C. Code § 28:9-625.  Moreover, the Superior Court's October 25, 2016, order granting Wells Fargo a judgment on its claim for judicial foreclosure against the debtor's real property has adjudicated that Wells Fargo has an enforceable lien.  That judgment is binding on this court.

In a similar vein to its opening paragraph, the amended complaint's Cause of Action II seeks a declaratory judgment that based on the failure to respond to the D.C. Code § 28:9-210 requests, Wells Fargo admitted it did not give value as required for a security interest to exist under D.C. Code § 28:9-203(b)(1), and that Wells Fargo's lien is void based on failure to give value.  However, even if D.C. Code § 28:9-210 applied to Wells Fargo, the relief sought is not a remedy authorized by D.C. Code § 28:9-625 for a violation of D.C. Code § 28:9-210. Moreover, the Superior Court judgment has adjudicated that Wells Fargo has an enforceable lien, and that judgment is binding on this court.  Cause of Action II thus fails to state a claim upon which relief can be granted.

II

REQUEST FOR DAMAGE AWARD UNDER D.C. CODE § 28:9-625(f)

The amended complaint includes a Cause of Action I seeking damages of $1,000 under D.C. Code § 28:9-625(f) based on Wells Fargo's failure to mail her responses under D.C. Code § 28:9-210. Article 9 of the Uniform Commercial Code (within which is

3

contained in D.C. Code § 28:9-210) is generally inapplicable to
real estate mortgages (in contrast to secured parties whose
collateral is personal property).  Wells Fargo was under an
obligation to comply with D.C. Code § 28:9-210(b) only if it was
a "secured party," a term defined in § 28:9-102(73).  Dixon has
not alleged facts establishing that Wells Fargo was "a secured
party" as defined in § 28:9-102(73), such as to be under any
obligation pursuant to D.C. Code § 28:9-210 to provide a response
to Dixon's requests.[2]

If Dixon wants to file a second amended complaint to allege
facts establishing that Wells Fargo was a "secured party" as
defined in § 28:9-102(73), she may do so within 21 days after
entry of this order.  At the scheduling conference, she indicated
that she needed 60 days to file a second amended complaint, but
that is an excessive period of time.  However, prior to the
expiration of the 21-day deadline, Dixon is free to file a notice
of dismissal of this adversary proceeding as to Cause of Action I
under Fed. R. Civ. P. 41(a)(1)(A)(i) — unless Wells Fargo files

---

[2] Wells Fargo contends that it sent a timely response to
Dixon's requests but inadvertently sent the response to an
erroneous Post Office Box number, and that damages under D.C.
Code § 28:9-625(f) are inappropriate because its failure was not
"without reasonable cause" within the meaning of D.C. Code
§ 28:9-625(f) in light of its already having provided an
accounting in the Superior Court.  Moreover, Wells Fargo was
required to provide on Official Form 410A of its proof of claim
in this court (Proof of Claim, Attachment A) an accounting of the
loan payment history from the first date of default.

4

an answer or a motion for summary judgment (which is unlikely
because this order will have conditionally dismissed the current
amended complaint).[3]  Unless such a dismissal would operate as an
adjudication on the merits under Fed. R. Civ. P. 41(a)(1)(B)
(which would be the case if, within the meaning of that rule,
Dixon "previously dismissed any federal- or state-court action
based on or including the same claim") the dismissal would be
without prejudice and Dixon could then file a new action (here or
elsewhere) against Wells Fargo as to Cause of Action I asserted
in the amended complaint.

III

ALLEGATIONS OF FRAUD ON THE COURT

The opening paragraph of the amended complaint seeks an
order dismissing Wells Fargo's complaint for judicial foreclosure
in the Superior Court of the District of Columbia and an
injunction to prevent the impending foreclosure sale on the

---

[3]  Rule 41(a)(1)(A) provides with exceptions of no relevance
that:

the plaintiff may dismiss an action without a court
order by filing:

(i) a notice of dismissal before the opposing
party serves either an answer or a motion for summary
judgment.

To suffice as a notice of dismissal, the notice could recite:
"Notice is given that the plaintiff dismisses this adversary
proceeding with respect to Cause of Action I asserted in the
amended complaint filed on September 18, 2018."

alternative basis that Wells Fargo's attorneys committed fraud
upon the court.  If that allegation regards fraud upon the
Superior Court, no acts of fraud are alleged, and, in any event,
this court must accord full faith and credit to the Superior
Court's October 25, 2016, order granting Wells Fargo a judgment
on its claim for judicial foreclosure against the debtor's real
property.  That judgment is binding on Dixon and cannot be
vacated by this court.

The amended complaint's Cause of Action III alleges that
Wells Fargo's attorneys committed fraud on the court in filing
the proof of claim in this case.  The allegations of the amended
complaint have not identified fraud with particularity as
required by Rule 9(b) of the Federal Rules of Civil Procedure,
and do not allege how Dixon has been harmed by any such fraud.
Dixon could file an objection to the proof of claim in accordance
with LBR 3007-1 if it contains "false and misleading account
statements" as alleged by Cause of Action III.  Accordingly,
Cause of Action III does not state a claim upon which relief can
be granted to Dixon.

IV

AUTHENTICITY OF PROMISSORY NOTE AND DEED OF TRUST

In Cause of Action IV of her amended complaint, Dixon denies
the authenticity of the promissory note and the deed of trust
upon which Wells Fargo relies.  However, the Superior Court

6

judgment necessarily determined that the promissory note and the deed of trust are enforceable, and that judgment is binding here.

V

CONCLUSION

For all of these reasons, it is

ORDERED that the amended complaint is dismissed with prejudice as to the claim for relief sought in the amended complaint's opening paragraph, and with respect to the claims asserted in Cause of Actions II, III, and IV, except that the dismissal of Count III of the second amended complaint is without prejudice to Dixon's filing an objection to Wells Fargo's proof of claim with respect to the amounts claimed on that proof of claim and based on any other appropriate grounds (but not an objection based on the alleged failure of Wells Fargo to comply with D.C. Code § 28:9-210, or an objection that the note and deed of trust are not valid and enforceable).  It is further

ORDERED that Dixon is granted leave within 21 days after entry of this order to file a second amended complaint regarding Cause of Action I or a notice of dismissal of this adversary proceeding with respect to the claim asserted in Cause of Action I, and if Dixon takes neither of those steps, Cause of Action I will be dismissed with prejudice.  It is further

ORDERED that if Dixon timely files a second amended complaint, a scheduling conference will be held on November 15,

2018, at 10:00 a.m.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); recipients of e-notifications of orders.