The document below is hereby signed to correct typographical errors in the Memorandum Decision Re Motion To Dismiss Second Amended Complaint dated December 12, 2018, and entered on December 13, 2018.

**Dated: December 18,2018.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| In re ) <br> ) <br> DORITA DIXON, ) <br> ) <br> Debtor. ) <br> _____ ) <br> ) <br> DORITA DIXON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO BANK N.A. AS ) <br> TRUSTEE F/B/O HOLDERS OF ) <br> STRUCTURED ASSET MORTGAGE ) <br> INVESTMENTS II TRUST ) <br> 2007-AR4, ) <br> ) <br> Defendant. ) | Case No. 18-00221 <br> (Chapter) <br><br><br><br><br><br><br><br> Adversary Proceeding No. <br> 18-10019 <br><br> **Not for Publication in <br> West's Bankruptcy Reporter.** |

```
         AMENDED MEMORANDUM DECISION RE
    MOTION TO DISMISS SECOND AMENDED COMPLAINT
```

The above-named defendant (referred to here as simply "Wells Fargo") has filed a motion to dismiss the second amended complaint in this adversary proceeding. The second amended complaint alleges that the defendant failed to respond to two *Requests Regarding a Statement of Account* that Dixon sent to Wells Fargo under D.C. Code § 28:9-210 in February and June of

2017, and seeks monetary damages under D.C. Code § 28:9-625(f) for the failure of Wells Fargo to respond to the *Requests Regarding a Statement of Account*.

D.C. Code § 28:9-101, *et seq*. constitute Article 9 of the District's Uniform Commercial Code provisions (referred to hereafter as "Article 9"). Section 28:9-210 provides that a debtor may make a request regarding a statement of account, defined as

> a record authenticated by a debtor requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligations secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request."

A secured party must comply with this request within 14 days after receipt "by authenticating and sending to the debtor an approval or correction." Section 28:9-625(f) further allows a debtor to recover $500 from a secured party for each failure to comply with § 28:9-210 without reasonable cause, in addition to any damages incurred by the secured party's failure to comply with the provisions of Article 9.

In order to recover under § 28:9-625(f) for Wells Fargo's failure to comply with § 28:9-210, the debtor must plead facts showing that Wells Fargo is a "secured party" to whom § 28:9-210 applies. Section 28:9-102(73), in pertinent part, provides that a "secured party" means "[a] person in whose favor a security interest is created or provided for under a security agreement . .

. ." In turn, under § 28:9-102(74), "security agreement" means "an agreement that creates or provides for a security interest." The term "security interest" is defined in § 28:1-201 as "an interest in personal property or fixtures which secures payment or performance of an obligation." Section 28:9-109(d)(11), however, further provides that Article 9 generally does not apply to the "creation or transfer of an interest in or lien on real property."

The debtor's second amended complaint fails to allege facts establishing that Wells Fargo was a secured party with a security interest subject to the provisions of Article 9. The debtor has not provided the *Request Regarding a Statement of Account* she allegedly served in February 2017, but  the debtor's *Request Regarding a Statement of Account* served in June of 2017 identified the subject of the request as the following collateral:

> Collateral: Lot numbered seventy-two (72) in square numbered thirty-seven hundred eleven (3711) in a subdivision made by Riggs Investment Corp. As per Plat Recorded in the Office of the Surveyor for The District of Columbia in Liber 132 at Folio 130. Which has an address of 5727 Chillum Place NE, Washington, DC 20011.

The debtor's *Request Regarding a Statement of Account* thus related to collateral identified as a parcel of real property, rather than to a security interest in personal property or fixtures as defined in Article 9. Because Article 9 does not apply to interests in real property, Wells Fargo's interest in the identified collateral did not  obligate it to respond to debtor's *Requests Regarding a Statement of Account*, and Wells Fargo's failure to respond to the

3

debtor's *Requests Regarding a Statement of Account* did not subject it to the penalty of § 28:9-625(f). Accordingly, dismissal of this adversary proceeding is appropriate.

The court further notes that Wells Fargo's proof of claim reveals that the deed of trust against the debtor's real property to secure its claim also included as collateral the debtor's fixtures at the property. As noted earlier, § 28:1-201 defines a "security interest" as "an interest in personal property or fixtures which secures payment or performance of an obligation." Wells Fargo's security agreement (the deed of trust) in the fixtures thus created a security interest, making Wells Fargo a "secured party" as defined in § 28:9-102(73) with respect to the fixtures. It would therefore have to respond to a request regarding a statement of account, made in compliance with § 28:9-210(b)(4), with respect to the security interest in the fixtures.

The debtor's complaint did not mention the security interest in the fixtures. Even if it had mentioned the security interest in the fixtures, the debtor's adversary case would still be subject to dismissal. The duty to comply with a request regarding a statement of account only applies to a request "reasonably identifying the transaction or relationship that is the subject of the request," as required by § 28:9-210(b)(4). The debtor's *Request Regarding a Statement of Account* served in June of 2017 did not identify the security interest in the fixtures as the subject of the request,

4

nor has the debtor alleged that the request that she allegedly served in February 2017 described the collateral at issue as including the fixtures. Although the June 2017 *Request Regarding a Statement of Account* included the account number for the debt, it gave no warning that it was being made with respect to the security interest in fixtures. Wells Fargo was not required to investigate whether its collateral for repayment of the debt also included fixtures, nor was it required to respond to a request regarding a statement of account for which the subject was specified to be collateral identified as a parcel of real property, because Article 9 does not cover interests in real property. Thus, because the debtor's requests did not "reasonably identif[y] the transaction or relationship that was the subject of the request" as being the security interest in the fixtures, her claim should be dismissed. At the very least, the failure to identify the interest in fixtures as the subject of the requests constitutes "reasonable cause" for Wells Fargo's failure to comply with the request such that under § 28:9-625(f), it is not subject to the $500 penalty, and dismissal

is warranted on that alternative ground.[1]

In addition to the grounds for dismissal noted above, the debtor's claim would likely fail for an another reason. Debtor's *Requests Regarding a Statement of Account* requested Wells Fargo to confirm that the balance due was "$00.00." All indications are that the debtor well knew that Wells Fargo was claiming that it was owed a substantial sum, as evident from both Wells Fargo's having obtained in the Superior Court of the District of Columbia in October 2016 an order granting it summary judgment to permit it to foreclose against its collateral and from Wells Fargo's proof of claim showing that no payments were received on and after September 1, 2009. In these circumstances, it is likely that the *Request Regarding a Statement of Account*, asking Wells Fargo to confirm that nothing was owed when the debtor appeared to well know that Wells Fargo took a contrary position, was made in bad faith, and that Wells Fargo had a reasonable excuse for failure to comply with

---

[1] The court's analysis above assumes that Wells Fargo's interest in the fixtures should be treated as a security interest under Article 9. This may not be the case. D.C. Code § 28:9-334 explicitly allows for the creation of encumbrances upon fixtures under real property law, and the inclusion of the fixtures in the deed of trust created such an encumbrance. It is not evident for purposes of invoking § 28:9-210 that the interest in the fixtures should be considered a "security interest" subject to Article 9 rather than an interest in real property governed by real property law. At the very least, if the debtor wanted to make a plausible claim that the security interest in the fixtures remained subject to Article 9 and § 28:9-210, she should have explicitly mentioned the fixtures in her *Requests Regarding a Statement of Account*.

the request, such that, within the meaning of D.C. Code § 28:9-625(f), it was not "a person that, without reasonable cause, fails to comply with a request under § 28:9-210."

The debtor also invokes § 28:9-625(g), which provides in relevant part that a secured party who fails to comply with a request regarding a statement of account "may claim a security interest only as shown in the statement included in the request as against a person that is reasonably misled by the failure." The debtor, however, has not alleged that she was misled by Wells Fargo's failure to respond to the *Requests Regarding a Statement of Account*. Moreover, as noted earlier, all indications are that she well knew that Wells Fargo was claiming that a substantial sum remained unpaid.

An order follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); recipients of e-notifications of orders.